DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

PHILIP KOPCZYNSKI (NYBN 4627741)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7027
    USACAN.USA-Filings@usdoj.gov
    Philip.Kopczynski@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> STEVEN CARRILLO and <br> ROBERT ALVIN JUSTUS, JR, <br>     Defendants. | Case No. 20-CR-265 YGR <br><br> **DECLARATION OF AUSA PHILIP KOPCZYNSKI IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANTS' DEMANDS TO DELAY THE DOJ'S DEATH PENALTY PROTOCOL** |

I, Philip Kopczynski, being duly sworn, declare:

1. I am an Assistant United States Attorney, and I represent the United States in the above-captioned case.

2. Beginning on July 2, 2020, with an initial production to defendant Robert Justus, Jr., and on July 17, 2020, with an initial production to defendant Steven Carrillo, the United States has produced discovery to defendants on a rolling basis. Broadly speaking, the discovery encompasses six categories of documents:

- <u>Law enforcement reports and other reports and records</u>. The United States has

produced approximately 2,200 pages of reports and other records from the Federal Bureau of Investigation ("FBI"), the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the Oakland Police Department, the Santa Cruz Sheriff's Office, the United States Air Force, and others.

- <u>Photographs</u>.  The United States has produced approximately 4,900 photographs taken during the execution of the search warrants and in other contexts.

- <u>Social media materials</u>.  This is by far the largest category of documents by page count.  In July 2020, the United States produced records from Facebook and Instagram related to Carrillo and Justus, which were obtained with search warrants.  Our general practice in this case has been to produce the entirety of materials obtained with the warrants, although only a fraction will end up being relevant.  The materials from Facebook and Instagram total approximately 77,000 pages.

- <u>Search warrants and returns</u>.  The United States has produced approximately 2,600 pages of search warrants and related documents, including selected evidence obtained via warrants, such as cellphone location data for both defendants.

- <u>Audio and video recordings</u>.  This is the largest category of documents by digital size in gigabytes.  The United States has produced surveillance footage, recordings of interviews (including the interview of Justus by the FBI on June 11, 2020, which was produced in July 2020), and body and dash camera footage.  The body camera footage includes recordings of Carrillo's arrest on June 6, 2020.  It also includes recordings from approximately 77 Oakland police officers who responded to the May 29, 2020 murder and attempted murder, totaling approximately 13 hours of footage.

- <u>Miscellaneous other documents</u>.  The United States has produced complete copies of the data extracted from eight seized electronic devices, and approximately four dozen other miscellaneous documents.

3. Carrillo's counsel writes in his September 26, 2020 filing that "there are seven Carrillo discovery letters awaiting the government's response." Dkt. 37 at 15. I do not know what seven letters Carrillo's counsel has in mind. As of Carrillo's filing, there were, by my count, six letters outstanding. And through productions sent on September 25 and 30, 2020, and October 9, 2020, the United States fully responded to three of Carrillo's letters (requesting a reproduction of the data extraction from one of Carrillo's devices; a reproduction of Facebook and Instagram data in a new format; and Carrillo's criminal history report, despite the United States having already confirmed in writing that Carrillo has no criminal history) and partially responded to two of his letters (requesting recordings or reports of statements made by Carrillo's purported fiancée; and autopsy and injury reports). We expect to complete our response to these six letters, including the two that remain partially outstanding and one additional letter (concerning surveillance footage from Oakland) within the next week. To be certain there is no misunderstanding, on October 9, 2020, I emailed Carrillo's defense team asking them to inform me of any requests they believe remain outstanding.

4. The United States sent its most recent production of documents to the defendants on October 9, 2020, and plans another production for this week. The upcoming production will consist of, among other things, surveillance footage gathered principally from locations in Oakland.

5. Attached hereto as Exhibit A is a true and correct copy of a letter sent by the United States Attorney to defense counsel on July 30, 2020. Certain contact information in the attached copy has been redacted.

6. The United States made a reverse proffer presentation to Carrillo's defense team on August 14, 2020, and to Justus's defense team on August 17, 2020. In discussions among counsel during and after the reverse proffers, the United States Attorney repeatedly asked defense counsel to provide a date by which they could commit to making a local mitigation presentation on the death penalty. In an email on August 21, 2020, he also offered to obtain a 45-day extension of the deadline for his submission to

KOPCZYNSKI DECL.
20-CR-265 YGR                                                3

the Capital Review Committee, making the new deadline November 12, 2020.  In response, the defendants took the position that the United States Attorney must not make his local recommendation in the capital case review process for the foreseeable future.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 13, 2020                                         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　PHILIP KOPCZYNSKI
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

# EXHIBIT A



United States Attorney
Northern District of California

*11th Floor, Federal Building*         (415) 436-7200
*450 Golden Gate Avenue, Box 36055*
*San Francisco, CA 94102-3495*         Fax: (415) 436-7234

July 30, 2020

<u>By Email</u>

James S. Thomson, Esq.                    Richard Novak, Esq.
Law Offices of James S. Thomson           Law Offices of Richard G. Novak

Shaffy Moeel, Esq.
Moeel Law Office

Re:   *United States v. Steven Carrillo and Robert Alvin Justus, Jr.*
      No. 20-CR-265 YGR

Dear Mr. Thomson, Mr. Novak, and Ms. Moeel:

It has been a pleasure meeting you all. Although our clients are opposed, and each of us can be expected to represent our clients vigorously, I look forward to working with you on this important and interesting case. I have always found it to be enriching to practice against talented and dedicated counsel.

This letter is intended to give you notice of my intentions with regard to the Department of Justice's Death Penalty Protocol. My thought is that this notice may be useful to you as you plan your work.

As you know, I am expected promptly to make a death-penalty recommendation to the Assistant Attorney General for the Criminal Division or periodically to justify why extenuating circumstances advise against the making of a prompt recommendation; thereafter, the case will be assessed by the Department of Justice's Capital Review Committee; and ultimately, the Attorney General will determine the death-penalty position of the United States. Recognizing that you will have later opportunities to present your views on the United States' death-penalty position, I ask that you present your views first to me, and do so no later than September 15, 2020, so that I may provide my recommendation no later than September 28, 2020.

James S. Thomson, Esq.
Richard Novak, Esq.
Shaffy Moeel, Esq.
July 30, 2020
2

I offer the following observations with regard to this request.

First, September 28, 2020 is approximately three months after this case was charged. It is within the range of other capital cases across the country for the United States Attorney to make a death-penalty recommendation three months after charging, and it is customary for defense counsel to share their views in advance of the making of this recommendation, notwithstanding the existence of later opportunities for the defense to present their views.

Second, I have been briefed on this particular case since the night of the charged murder and attempted murder on May 29, 2020, and therefore have the advantage of already being well grounded in the facts of the case. Whether or not you choose to present to me (and again, my request is that you do present to me), I do not expect to need more than three months to form my recommendation.

Third, I expect that my assessment of the aggravating factors in this case will be driven mostly by the facts of the charged murder and attempted murder. Although other events, including the events of June 6, 2020, may bear on aggravation, the events of May 29, 2020 are the heart of the case and will be my principal area of focus. I would distinguish this case from other cases aggravated by numerous incidents occurring broadly over time.

Fourth, it is well established in this District and elsewhere that the Department's Death Penalty Protocol does not give rise to discovery rights. Nonetheless, we have prioritized the production of discovery to you and are also willing to provide you with reverse proffers to speed your mastery of the core issues in the case including matters that you may deem to be mitigating. I also note that this case began with the filing of detailed criminal complaints which you will no doubt have already found to be useful.

Last, I recognize that our work in this case must overcome the challenges of making progress while sheltering in place. Our experience to date suggests that the disruption is greater upon court proceedings than investigations. I believe that the schedule outlined in this letter provides you with a reasonable opportunity to prepare defense mitigation presentations if you decide to make them to me.

If you would like to schedule a reverse proffer or mitigation presentation, please feel free to reach out either to me or to AUSA Phil Kopczynski. I may be reached at ▬▬▬▬▬ or ▬▬▬▬▬▬▬▬▬▬, and Phil may be reached at ▬▬▬▬▬ or ▬▬▬▬▬▬▬▬▬▬. Thank you.

Very truly yours,

*David L. Anderson* (signature)

David L. Anderson
United States Attorney