1  RICHARD G. NOVAK (SBN 149303)
   Richard G. Novak, A Professional Law Corp.
2  P.O. Box 5549
   Berkeley, CA 94705
3  626-578-1175 (voice)
   626-685-2562 (facsimile)
4  E-Mail: Richard@RGNLaw.com

5  SHAFFY MOEEL (SBN 238732)
   Moeel Law Office
6  1611 Telegraph Avenue, Suite 806
   Oakland, CA 94612-2147
7  415-735-5021 (voice)
   415-967-3062 (facsimile)
8  E-Mail: Shaffy@MoeelLaw.com

9  Attorneys for Defendant
   ROBERT ALVIN JUSTUS, JR.
10

11              **UNITED STATES DISTRICT COURT**

12         **NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)**

13

14  **UNITED STATES OF AMERICA,**       )   **DEATH PENALTY CASE**
                                        )
15            **Plaintiff,**            )   Case No. 4:20-cr-00265-YGR
                                        )
16            **vs.**                   )   **DEFENDANT JUSTUS' REPLY IN
                                        )   SUPPORT OF HIS MOTION TO
17                                      )   COMPEL THE UNITED STATES
                                        )   ATTORNEY TO GIVE COUNSEL
18                                      )   FOR THE DEFENDANT A
    **STEVEN CARRILLO (1) and**         )   REASONABLE OPPORTUNITY
19                                      )   TO PRESENT INFORMATION
    **ROBERT ALVIN JUSTUS, JR. (2),**   )   WHICH MAY BEAR ON THE
20                                      )   DECISION WHETHER TO SEEK
            **Defendants.**             )   THE DEATH PENALTY
21                                      )
                                        )   BEFORE THE HONORABLE
22                                      )   YVONNE GONZALEZ ROGERS,
                                        )   DISTRICT JUDGE
23                                      )
                                        )   Hearing Date: October 28, 2020
24                                      )
                                        )   Hearing Time: 2:00 P.M.
25                                      )
                                        )   Location of Hearing: Courtroom 1
26                                      )
                                       _)
27

28

1       Defendant Robert Alvin Justus, Jr., by and through his counsel of record,

2   Richard G. Novak and Shaffy Moeel, hereby files his reply in support of his motion

3   for an order compelling the United States Attorney to provide counsel for Mr. Justus

4   with a "reasonable opportunity to present information which may bear on the

5   decision whether to seek the death penalty" as to Mr. Justus, as required by Justice

6   Manual § 9-10.080, the due process clause of the Fifth Amendment to the United

7   States Constitution, the Sixth Amendment to the United States Constitution and the

8   Eighth Amendment to the United States Constitution.

9       This reply is based upon the attached memorandum of points and authorities,

10   the attached declaration of counsel and exhibits thereto, the official docket of the

11   proceedings in this matter, the argument of counsel and all other matters the Court

12   may properly consider at the hearing on this motion.

13

14   Dated: October 20, 2020           Respectfully submitted,

15

16                           RICHARD G. NOVAK
                        SHAFFY MOEEL

17

18                           /s/*Richard G. Novak*
                        RICHARD G. NOVAK

19                           Attorneys for Robert Alvin Justus, Jr.

20

21

22

23

24

25

26

27

28

ii

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### Introduction

4       The government opposes Mr. Justus' motion for an order compelling the

5  United States Attorney to provide defense counsel with a "reasonable opportunity to

6  present information which may bear on the decision whether to seek the death

7  penalty."   As its brief in opposition ("US Opp.") strays far afield from the measured

8  and narrow relief sought by Mr. Justus, a brief reply is necessary.

9       Before addressing the disputed legal and factual issues, Mr. Justus' defense

10  team pauses to acknowledge the loss of life and trauma that occurred on May 29,

11  2020 outside the federal courthouse where this matter is now pending.  While Mr.

12  Justus' defense team does not agree with the charging decision of the United States

13  Attorney, we do wish to express our most sincere condolences to the family, friends

14  and co-workers of Dave Patrick Underwood and our hope that others injured in this

15  incident experience recovery and healing.

16       Turning to the jurisprudential issues before this Court, Mr. Justus has five

17  specific responses to the government's opposition.

18

### II.

19

### The Court Has Discretion to Set a Schedule It Deems Reasonable

20       The government does not dispute, because it cannot, that this Court has the

21  inherent authority to grant the narrow, time-limited relief Mr. Justus seeks.  There is

22  no binding authority which precludes this Court from compelling the United States

23  Attorney to refrain from making his recommendation under the Capital Case Review

24  Process until counsel for Mr. Justus have had the "reasonable opportunity" afforded

25  to them under that protocol, and it is well within this Court's discretion to make an

26  individualized, case-specific determination of the period of time that will afford that

27  reasonable opportunity.

28

1   While the government points to numerous cases which hold that the protocol

2   does not create discovery rights (US Opp. at 7), the cases cited by Mr. Justus that

3   specifically hold that a district court has the discretion to set the local death penalty

4   presentation schedule and, in the right circumstances, will exercise that discretion,

5   are soundly decided either as set forth in those opinions or as established by the

6   record in those cases.

7   For example, the government criticizes Judge Koh's order granting a motion

8   to compel this same United States Attorney to grant defense counsel additional time

9   to make a "local presentation" for having "no reasoning or analysis." (US Opp. at

10   13) The government is well aware of the extensive record in that case which, in

11   Judge Koh's view, supported her decision, yet it pretends that Judge Koh had no

12   basis for making that decision.  It is notable that the government neither sought

13   reconsideration of Judge Koh's order nor sought interlocutory review of it.

14   The government's reliance on Judge Seeborg's decision in *Aguilar* is also

15   misplaced.  Judge Seeborg declined to intervene in the scheduling decisions of the

16   *Capital Case Review Committee*, which is appointed by the Attorney General and is

17   not an attorney or a party appearing before this Court.  This Court certainly has

18   discretion, as explained in both *W.R. Grace* and the CJA Guidelines cited by Mr.

19   Justus, to order counsel and parties appearing before it to comply with scheduling

20   orders.  Finally, the government conflates the Ninth Circuit's decision in *Fernandez,*

21   which reversed a district court order *precluding* the government from seeking the

22   death penalty as a sanction for a discovery violation, with the relief sought here.

23   *Fernandez* does not preclude this Court from making the scheduling decisions at

24   issue here, nor does its reasoning.

25   //

26   //

27   //

28   //

## III.

## Mr. Justus Does Not Seek An "Injunction"

The government characterizes Mr. Justus' motion as one seeking an "injunction." (US Opp. At 10) Mr. Justus does not seek an injunction. He seeks an order compelling the prosecution team in this case to comply with a well-established DOJ policy. The use of the term "injunction" sets up a house of cards, since injunctions are only issued where certain criteria are met. The only criterion at issue here is the measure of a "reasonable opportunity" under the unique facts and circumstances of this case at this time. The government certainly cannot be referring to a permanent injunction, as Mr. Justus does not seek an order precluding the government from seeking the death penalty.

Nor can the government truly be referring to a preliminary injunction which only issues where, *inter alia,* the party seeking that relief demonstrates a likelihood of prevailing on the merits. *See e.g. Khan v. City of Pinole Police Dep't,* No. 4:19-cv-06316-YGR, 2020 U.S. Dist. LEXIS 116801 (N.D. Cal. July 2, 2020).  Since it is the Attorney General who unilaterally decides if the government should or should not seek the death penalty and the entire deliberative process is confidential (Justice Manual Title 9-10.050) this Court obviously cannot determine the merits issue. Hence, Mr. Justus cannot be said to be seeking a preliminary injunction. Nor has any court described the modest, measured and time-limited relief Mr. Justus seeks here as being equivalent to a request for injunctive relief.

## IV.

## The Government's Analogy of Mr. Justus' Case to High-Profile Mass Fatality Cases Involving a Single Defendant Is Unhelpful and Misguided

The government argues that its proposed deadline for Mr. Justus' counsel to make their presentation of any mitigating factors that may bear on the decision whether to seek the death penalty was, in fact, reasonable, a claim which at best demonstrates that counsel for the government in this matter either have no

3

understanding of what mitigating evidence is and of the complexity of investigating,

developing and presenting mitigating evidence, or do not really care to look

carefully at that evidence once it is presented, notwithstanding the directives in the

Justice Manual.  Counsel for Mr. Justus have no reason to and therefore do not

attribute any personal ill-will to the government attorneys responsible for the

prosecution of this matter, so it must be the former and not the latter explanation for

their objectively rushed approach to this matter that is at play here.

It must be noted, however, that the three cases cited by the government as

examples in which the period of time for the local presentation was comparable to

that proposed here (US Opp. at 1) are strikingly different from this case.   The three

cases the government cites arose from: (1) the bombing of the Boston Marathon

("*Tsarnaev*"), (2) a mass shooting during a prayer meeting inside a church in

Charleston, South Carolina ("*Roof*"), and (3) a mass shooting during a prayer service

inside a synagogue in Pittsburgh, Pennsylvania ("*Bowers*").

The differences between the prosecution of Mr. Justus in this case, and those

cases, is so striking that one can only wonder why the government selected these

three cases as their exemplars.  All three of those cases involved a single defendant

who personally used weapons.  The government has acknowledged in this case that

Mr. Justus did not use any weapons and did not provide Mr. Carrillo with any

weapons.

In all three of those cases, there were multiple deaths.  In the *Tsarnaev* case,

there were four victims killed by explosive devices the defendant and his brother

built. In the *Roof* case, he personally killed nine individuals with a firearm.  In the

*Bowers* case, it is alleged that he personally killed eleven individuals with firearms.

All three of those cases involved "vulnerable victims".  Two, *Roof* and *Bowers*,

involve racial animus and the third, *Tsarnaev,* was charged as an act of terrorism.

(Declaration of Richard G. Novak, Ex. A)

4

1    It should also be noted that the speed of those prosecution decisions to seek

2  death may have been an omen of constitutional defects and/or delays that later arose

3  in those proceedings.  Tsarnaev's death sentence was recently vacated, in part

4  because the trial court excluded potentially mitigating evidence. *United States v.*

5  *Tsarnaev*, 968 F.3d 24, 75 (1st Cir. 2020).  Roof fired his counsel prior to the

6  penalty phase proceeding and his death sentence is now under review, in part

7  because he may not have been competent to represent himself and the jury never

8  learned of his mental illness (Novak Decl. Ex. B)  There is presently no date set for

9  the trial of Bowers, even though he was indicted in October 2018 and the notice of

10 intent to seek the death penalty was filed in August 2019.

11    A better framework for viewing the potential capital prosecution of Mr. Justus

12 than three high-profile cases involving mass casualties is to look at the timing of the

13 Capital Case Review Process for cases involving the death of a single law

14 enforcement officer in which the defendant at issue did not personally cause the

15 death within the meaning of the Federal Death Penalty Act, 18 U.S.C. §

16 3591(A)(2)(a),(b).

17                                          **V.**

18              **The Government Is Still Producing Large Amounts**

19                  **of Basic Discovery to the Defendants**

20    The government makes much of the speed with which it has produced

21 discovery in this matter.  (US Opp. at 2; Kopczynski Decl. ¶ 2) While the

22 government's efforts toward compliance with Rule 16 is worthy of note, it cannot be

23 said that the discovery is lacking in complexity, nor that it is complete.  In fact, as

24 recently as last week, the government produced another tranche of discovery (Novak

25 Decl. Ex. C), some of which appears at first glance to be sources of potentially

26 mitigating information, as far as *Mr. Justus* is concerned.  Given the breadth of the

27 definition of evidence which may be mitigating (18 U.S.C. § 3592(a)), the

28

                                          5

1    government's continuing production of discovery demonstrates that its proposed

2    schedule for the completion of the local presentation was and still is unreasonable.

3                                              **VI.**

4               **The Pandemic Is Not a Hoax Perpetrated by Mr. Justus**

5                 **or His Defense Team as An Excuse for Delay**

6           Finally, the government's argument that the Covid-19 pandemic has not

7    interfered, or should not be allowed to interfere, with preparation of the defense case

8    reads like an excerpt from a politically motivated White House briefing.  Subject to

9    the limitations imposed and recommended by local, state and national correctional,

10   public health and other officials, Mr. Justus' team has been diligent and aggressive

11   in its investigation of potentially mitigating evidence it may present to the United

12   States Attorney.  To pretend that there are no meaningful barriers to the defense

13   function, or that the barriers that exist today are not accurately reflected in the

14   declarations attached to Mr. Justus' motion, or to suggest that Mr. Justus' defense

15   team is just sitting around waiting for a vaccine to be available to Mr. Justus and the

16   rest of the planet, is simply disingenuous.

17          Moreover, undersigned counsel will not be baited into untimely disclosures to

18   the government of its work product and otherwise confidential and privileged

19   activities.  Undersigned counsel's declaration filed in support of Mr. Justus' motion

20   described with adequate specificity the challenges that the entire defense team

21   confronts in this environment.

22          If *the Court* has any doubt about the diligence of Mr. Justus' defense team

23   under the current public health conditions that exist in this community, Mr. Justus'

24   counsel are prepared to present this Court, through a sealed, ex parte filing, with

25   detailed information concerning the diligence of the defense team, its progress in the

26   mitigation investigation, and the case-specific Covid-19 related barriers that are at

27   play.  If the Court concludes that this information would be useful with respect to

28   ruling on Mr. Justus' motion, Mr. Justus does not object to vacating or continuing

                                              6

1    the October 28, 2020 hearing for a period of two to three weeks so that such a filing

2    can be prepared and presented to the Court for *in camera* review.

3         It bears observing that even if one were to compare the proposed timing in this

4    case to the timing of the death penalty protocol in *Tsarnaev*, *Roof* and *Bowers*, the

5    notices of intent in all of those cases were filed well before the present pandemic

6    began.

7                                              **VII.**

8                                         **Conclusion**

9         Mr. Justus respectfully requests that this Court compel the United States

10   Attorney to provide his counsel with a reasonable opportunity to prepare for a

11   mitigation presentation on his behalf, and that it set a further status conference in 90

12   days at which the Court and the parties can reassess the conditions which presently

13   interfere with preparation for that presentation.

14   Dated: October 20, 2020                    Respectfully submitted,

15

16                                              RICHARD G. NOVAK
                                                SHAFFY MOEEL
17

18

19                                              /s/*Richard G. Novak*
                                                RICHARD G. NOVAK
20                                              Attorneys for Robert Alvin Justus, Jr.

21

22

23

24

25

26

27

28
                                                7