JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

KATHRYN ROSS
California SBN 171100
Attorney at Law
1611 Telegraph Avenue, Suite 806
Oakland, California 94612
Telephone: (415) 297-1262
Email: katie@kathrynrosslaw.com

Attorneys for Defendant
STEVEN CARRILLO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:20-cr-00265-YGR |
| Plaintiff, | |
| vs. | **SERGEANT STEVEN CARRILLO'S ARGUMENT IN SUPPORT OF PROPOSED SCHEDULE** |
| STEVEN CARRILLO, | **Date: February 1, 2021** |
| Defendants. | **Time: 3:00 P.M.** |
| | Judge: Hon. Yvonne Gonzalez Rogers |

I.  **THE SUGGESTED JUNE 2021 DATE CANNOT, AT THIS TIME, GUARANTEE SERGEANT CARRILLO A REASONABLE OPPORTUNITY TO PROVIDE A COMPETENT DEATH PENALTY SUBMISSION.**

Sergeant Carrillo's defense team sincerely wishes that it had the ability to suggest a date certain for the death penalty submission.  Unfortunately, due to the constraints brought upon by the surging coronavirus pandemic, and accompanying uncertainty, it cannot do so in all honesty.  Sgt. Carrillo instead requests that this Court set the matter for

1  a further status conference in 90 days, to monitor the progress of the case, with the hope

2  that, by that time, we will have a better sense of the in-person work that can be safely

3  performed.

4    Counsel wants to make clear that they have not been idle.  The defense team has

5  been quite active, but much remains to be done.

6    As for discovery, to date, the government has provided the Carrillo defense team

7  with ten discovery productions – July 17, 2020; August 4, 14, 19, and 26, 2020;

8  September 25 and 30, 2020; October 9 and 23, 2020; and most  recently on December 18,

9  2020.  The ten productions contain approximately 2.52 terabytes of  material.  The

10  productions include 83,567 pages, 5,221 photos, 250 videos, 30 audio files and 11

11  extraction folders.  The team continues to review the produced discovery.

12    In addition, the Carrillo defense team has gathered hundreds of pages of records

13  and has identified well over 100 potential witnesses, some residing outside the Northern

14  District, in other counties, states and countries.  The team has met and conferred with

15  various experts and other service providers.  And, the team has met regularly with Sgt.

16  Carrillo.

17    The history and timeline of the pandemic need not be repeated here.  See Doc #40

18  at 14-17.  It has not abated since the last filing.  Quite the contrary, over 380,000

19  Americans have died.[1]  California is experiencing a frightening surge.  As a result, the

20  Bay Area entered into a stay-at home order on December 6, 2020.[2]  On December 30,

21  2020, the restriction imposed a 10-day travel quarantine to anyone arriving from outside

22  of the Bay Area.[3]

23    Sgt. Carrillo has previously described the unique requirements imposed on capital

24  defense counsel.  Docs# 37& 40.  The team continues to face severe impediments that

25  interfere with the ability to prepare a submission.

26

27

28

---

[1]  https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days
[2]  https://sf.gov/stay-home-except-essential-needs
[3]  https://sf.gov/news/mandatory-travel-quarantine-due-major-surge-covid-19-cases

As outlined by the American Bar Association and adopted by the United States Supreme Court, the defense team must conduct an in-person mitigation investigation. Doc #37 at 22.  This central piece of the mitigation process cannot safely or effectively happen in the midst of a pandemic, particularly while the pandemic is surging and an even more contagious variant of the virus looms.[4]

The reality is, there are just some (constitutionally mandated) tasks the Carrillo defense team cannot do in the midst of the pandemic.  The defense team had hoped, in recognition of our duty as capital defense counsel, that the government would see that in this time defined by uncertainty, we cannot provide them with certainty when it comes to the timing of submitting a death penalty submission.  As has been explained, Sgt. Carrillo's defense team is constitutionally prohibited from providing the government with a piecemeal, undeveloped preview of mitigation evidence.  Doc. #40 at 12-13.

Just as the federal government's refusal to take action on the pandemic has had a tragic impact on our country[5], the government's refusal here to appreciate the debilitating impact of the pandemic on a defense team's ability to investigate mitigation, will unquestionably undermine Sgt. Carrillo's constitutional rights.

## II. THE GOVERNMENT'S UNSOLICITED BRIEFING SCHEDULE REFLECTS A DISDAIN FOR THE CONSTITUTIONAL STANDARDS THAT GUIDE CAPITAL CASES.

The government has proposed a trial briefing schedule and cites *United States v. Nelson* No. 17-CR-533 EMC, in support of this ask.  The briefing schedule referenced from *Nelson* is inapposite - in a number of ways.  Counsel are willing to discuss the dissimilarities at the status conference.[6]

---

[4]  See How Does the Coronavirus Variant Spread? Here's What Scientists Know. https://www.nytimes.com/2020/12/31/health/coronavirus-variant-transmission.html. Published December 31, 2020, Updated January 11, 2021.

[5]  See How Many Deaths are Truly Attributable to Trump? The Washington Post, October 23, 2020.  Providing empirical support for how lack of federal leadership (and outright lies) led to preventable loss of life. https://www.washingtonpost.com/politics/2020/10/23/how-many-coronavirus-deaths-are-truly-attributable-trump/

[6]  Richard Novak, counsel for Robert Justus, and James Thomson, counsel for Sgt. Carrillo, both represent defendants in the Nelson case.

1    This unsolicited ask, and inapt comparison, signals that the government does not

2 appear to appreciate the fact that "death is different".[7]  (See *Woodson v. North Carolina,*

3 428 U.S. 280, 305 (1976)).

4    **III.    SETTING THIS CASE FOR A STATUS CONFERENCE IN 90 DAYS IS
     NOT AN INDEFINITE DELAY.**

5

6    The current surge of the pandemic, exacerbated by the new, more contagious strain

7 of the virus, imposes a level of uncertainty that renders setting a date for a death penalty

8 submission at this time premature.  There is an added uncertainty of how a new

9 presidential administration, and commensurate Department of Justice administration, may

10 approach this issue.

11    True enough, "the U.S. Attorney's recommendation is only the first step in the

12 Department of Justice's capital review process" and "[a]nother opportunity for input

13 exists later in the process."  Joint Filing, at 1.  However, providing the defense with the

14 time needed to be safe, thorough and accurate, may ultimately avoid the need for an

15 additional presentation to the Department of Justice, and thereby serve to promote an

16 efficient use of resources.

17    To the extent that this Court may have concern that Sgt. Carrillo's defense team is

18 not advancing the work, it offers to provide an *ex parte* description of the mitigation work

19 done to date, which will include a specific explanation of how social distancing has

20 interfered with the team's ability to prepare a submission.  However this Court wishes to

21 monitor the progress, this oversight should allay any concern that the process will be

22 indefinite.  Indeed, the defense team has been active in all ways that abide by pandemic

23 restrictions.

24

25

26

27    [7]  Since July 2020, twelve federal inmates have been executed with a thirteenth inmate
scheduled to die on January 15, 2021.  Counsel for Sgt. Carrillo take their commitment to uphold

28 their Sixth and Eighth Amendment duties with grave seriousness.

**IV.    CONCLUSION**

Sergeant Carrillo requests a status conference in 90 days, when the parties will have more clarity regarding the uncertainties that currently surround this case and our world.

DATED: January 15, 2021                          Respectfully submitted,

                                                 */s/ James Thomson*

                                                 _____
                                                 JAMES THOMSON
                                                 Attorney for Steven Carrillo

                                                 */s/ Kathryn Ross*

                                                 _____
                                                 KATHRYN ROSS
                                                 Attorney for Steven Carrillo