RICHARD G. NOVAK (SBN 149303)
Richard G. Novak, A Professional Law Corp.
P.O. Box 5549
Berkeley, CA 94705
626-578-1175 (voice)
626-685-2562 (facsimile)
E-Mail: Richard@RGNLaw.com

SHAFFY MOEEL (SBN 238732)
Moeel Law Office
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612-2147
415-735-5021 (voice)
415-967-3062 (facsimile)
E-Mail: Shaffy@MoeelLaw.com

Attorneys for Defendant
ROBERT ALVIN JUSTUS, JR.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **DEATH PENALTY CASE** |
| **Plaintiff,** | Case No. 4:20-cr-00265-YGR |
| vs. | **DEFENDANT JUSTUS' SUPPLEMENTAL STATEMENT CONCERNING THE GOVERNMENT'S PROPOSED SCHEDULE FOR PRETRIAL MOTIONS AND RELATED MATTERS** |
| **STEVEN CARRILLO (1) and** | |
| **ROBERT ALVIN JUSTUS, JR. (2),** | BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, DISTRICT JUDGE |
| **Defendants.** | |
| | Hearing Date: February 1, 2021 |
| | Hearing Time: 3:00 P.M. |
| | Location of Hearing: Courtroom 1 |

1  Defendant Robert Alvin Justus, Jr., by and through his counsel of record,
2  Richard G. Novak and Shaffy Moeel, hereby files his supplemental statement
3  concerning the government's proposed schedule for pretrial motions and related
4  matters, which appears in the parties' *Joint Response to November 11, 2020 Order*
5  filed on January 15, 2021 (Doc. No. 50).

Dated: January 22, 2021            Respectfully submitted,

                                   RICHARD G. NOVAK
                                   SHAFFY MOEEL


                                   /s/*Richard G. Novak*
                                   RICHARD G. NOVAK
                                   Attorneys for Robert Alvin Justus, Jr.

# DEFENDANT JUSTUS' SUPPLEMENTAL STATEMENT CONCERNING THE GOVERNMENT'S PROPOSED SCHEDULE FOR PRETRIAL MOTIONS AND RELATED MATTERS

## I.

## Introduction

On November 11, 2020, the court entered an order directing the parties to meet and confer and thereafter file a joint response concerning the timing of the "local presentation" required by the Justice Manual, Title 9-10.080. The parties have done so.

In addition to addressing the timing of the local presentation, the government has also asked this court to set a schedule for pretrial motions and related matters. In his portion of the joint response, Mr. Justus informed the court that it is the view of his counsel that it is premature to set a pretrial motions or disclosures schedule and, for the vast majority of the pretrial issues that will ultimately have to be resolved, it will be premature until the Attorney General decides if this case will proceed as a capital case with respect to each of the defendants. This supplemental statement provides the Court with additional reasons and examples as to why it is premature.

## II.
**Until the Attorney General Provides Notice Concerning the Death Penalty, the Setting of a Pre-Trial Schedule is Premature and Will Waste Judicial Resources**

The government proposes that motions to compel discovery be filed approximately 90 days after the next status conference in this matter, and 45 days *prior to* the date it proposes for the local presentation. It is obviously premature to set such a deadline. First, the government continues to produce discovery to the defendants, the most recent production having been made on January 20, 2021. It includes additional law enforcement interviews, forensic reports, electronic evidence from computers and recorded jail calls.

Second, setting a deadline for motions to compel discovery before the Attorney General has made decisions about the death penalty is inefficient because the scope of discovery motions will be influenced by those decisions.  For example, if the Attorney General does elect to seek the death penalty against one or more of the defendants, the Court can certainly anticipate motions to compel the government to disclose the evidence it intends to use to support statutory and non-statutory aggravators.  However, it would be premature to file that motion to compel that discovery until the government has actually filed a *notice of intent to seek the death penalty*, which must include all statutory or non-statutory aggravators.  The current indictment does allege two statutory aggravators against Mr. Justus, but the notice of intent to seek the death penalty must include all statutory and non-statutory aggravators the government intends to present in the penalty phase of a capital trial. 18 U.S.C. § 3593(a)(2) (requiring the government to file "a reasonable time before the trial" "a notice—setting forth the aggravating factor or factors that the government … proposes to prove as justifying a sentence of death.")

Orders compelling the government to provide an "informational outline" are frequently issued in federal death penalty cases.  *See, e.g., United States v. Skates*, 2018 WL 6002321, at *3 (N.D. Cal. Nov. 15, 2018) (ordering government to disclose pretrial its evidence in support of aggravating factors); *United States v. Fell*, 2017 WL 10809983 (D. Vt. Jan. 20, 2017) (ordering government to provide informational outline of future-dangerousness evidence); *United States v. Con-Ui*, 2016 WL 9331115 (M.D. Pa. Jan. 28, 2016) (ordering government to provide defense with informational outlines on (1) heinous-cruel-depraved and substantial-planning aggravators, specifying witnesses that government intends to call and evidence it intends to present, (2) future-danger and acts-of-violence aggravators, specifying acts and characteristics alleged, witnesses, exhibits, and summary of testimony supporting each act, and (3) victim-impact aggravator, specifying list of personal characteristics of victim, whether any testimony will be introduced from

persons not named in the NOI, particularized categories of harm and loss that government intends to present, and any other pertinent information defendant would need to adequately prepare to respond); *United States v. Ciancia*, 2015 WL 13798674 (C.D. Cal. Sept. 4, 2015) (ordering government to provide defense with "an informational outline as to the factual basis on which the Government intends to show that Defendant's planning and premeditation were substantial.")

  The government also proposes that motions to sever be filed 45 days after its proposed date for the local presentation.  This deadline would likely lead to inefficiency and consideration of hypothetical scenarios concerning the nature of a joint trial.  Will the government pursue death as to both defendants, as to only one, or not at all?  These questions largely control the analysis of the extent to which joinder of the defendants for trial would be unconstitutional and/or prejudicial.  *See, e.g., United States v. Rodriguez-Mendoza*, No. 4:10-cr-459, ECF #425 (S.D. Tex. Mar. 18, 2019) (ordering severance of two authorized codefendants because of likelihood of antagonistic defenses and prejudicial spillover, and in the interest of judicial economy); *United States v. Roland*, No. 12-98, Bench Opinion (D. N.J. June 15, 2015) ("Threshold for showing prejudice" justifying severance "is lower in a capital case than in a non- capital case." Applying this standard, court severs capital defendant from non-capital ones based on concerns about prejudice from different jury-selection strategies, spillover prejudice from evidence disparity, and antagonistic defenses); *United States v. Perez*, 299 F. Supp. 2d 38, 44 (D. Conn. 2004) (court severs two authorized capital defendants, based on conflicting defenses and evidentiary issues, noting "heightened need for reliability in a death penalty trial").

  The government also proposes, in advance of a decision by the Attorney General and the setting of a trial date, a deadline for the defendants to make disclosures under Rule 12.2 of the Federal Rules of Criminal Procedure and expert disclosures under Rule 16.

     Rule 12.2(b) governs disclosure of expert evidence relating to a mental disease or defect on the issue of punishment in a capital case.  These disclosures are typically set shortly before the commencement of trial. The district courts that have expressly addressed the issue have required notice from three weeks to three months prior to the start of trial. *See, e.g., United States v. O'Reilly*, 2010 WL 653188, at *3, ¶¶ 1 & 3 (E.D. Mich. May 10, 2010) (defense to provide 12.2 notice approximately three months before jury selection commences, but court will consider any requests to amend notice up to and including two weeks prior to start of jury selection); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1238 (D.N.M. 2008) (notice three months before trial sufficient); *United States v. Wilson*, 493 F. Supp. 2d 348, 353, 357 (E.D.N.Y. 2006) (notice required within three months of trial); *United States v. Minerd*, 197 F. Supp. 2d 272, 277 (W.D. Pa. 2002) (approximately three weeks prior to commencement of jury selection); *United States v. Edelin*, 134 F. Supp. 2d 45, 58 (D.D.C. 2001) (only one month between notice and beginning of jury selection).

     Notice by the defense under Rule 12.2(b) typically triggers a request by the government for further disclosures and a compelled examination of the defendant and implicates a set of complex protocols required by Rule 12.2(c)(2) concerning the scope of the examination and the initial sealing of and then the timing of the disclosure of the government's expert opinions.  *See, e.g., United States v. Fell*, 2016 WL 11571303(D. Vt. Dec. 14, 2016) ("The court will alter its previous order to follow Rule 12.2(c)(3) to the letter and will not require the release of the defense report(s) on mental condition related to penalty unless and until there is a guilty verdict in the guilt phase."); *United States v. Umana*, 2009 WL 2489309, at *3 (W.D.N.C. Aug. 12, 2009) (denying government's request that defense provide a general summary of the information that its experts will provide); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1239 (D.N.M. 2008) (denying government's motion to require defense to provide names or qualifications of experts or a summary of the information they will provide); *United States v. Fell*, 2017 WL 10940935 (D. Vt.

Jan. 26, 2017) ("the Government shall supply the defense with a list of all psychological tests and other procedures which its three examiners intend to employ during their exams. Any objections to a particular test must be made known to the Government and the court" approximately one week before exam); *United States v. O'Reilly*, 2010 WL 653188, at *5, ¶¶ 17, 18 (E.D. Mich. May 10, 2010) (prior to any rebuttal examination, government must give defense counsel at least 5 days advance notice of the names and professions of its rebuttal experts and any tests the experts intend to administer; if defense objects to a government rebuttal expert or test, parties must diligently work to resolve the dispute; if resolution cannot be achieved informally, court will hold a hearing, upon defense filing, within 3 days of receiving government notice, of written formal objections. Neither side bears the burden of proof at the hearing); *United States v. Umana*, 2009 WL 2489309, at *4 (fire-walled AUSA will be designated to receive notice of expert evidence of mental condition on the issue of punishment, arrange for any evaluation by an expert designated by the Government, handle any issues arising out of the evaluation process and arrange for filing of the expert's report under seal); *United States v. Lujan*, 530 F. Supp. 2d at 1240 (if defense files 12.2(b) notice, at least one fire-walled attorney must be assigned to handle any issues that may arise before, during, or after the government's expert's examination).

//
//
//
//
//
//
//
//
//

## III.
## Conclusion

No doubt there will be a time at which it makes sense to work out a number of phases for pre-trial disclosures and the filing of motions. It is Mr. Justus' position that until the Attorney General makes a decision about the death penalty as to both defendants, it is premature to set that schedule.

Dated: January 22, 2021                Respectfully submitted,


                                       RICHARD G. NOVAK
                                       SHAFFY MOEL


                                       /s/*Richard G. Novak*
                                       RICHARD G. NOVAK
                                       Attorneys for Robert Alvin Justus, Jr.