| | |
|---|---|
| 1 | STEPHANIE M. HINDS (CABN 154284)<br>Acting United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | PATRICK K. O'BRIEN (CABN 292470)<br>Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495 |
| 7 | Telephone: (415) 436-7126<br>Fax: (415) 436-7027 |
| 8 | Patrick.OBrien@usdoj.gov |
| 9 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 20-CR-265 YGR |
| Plaintiff, | ) | |
| | ) | STIPULATION TO EXCLUDE TIME UNDER THE |
| v. | ) | SPEEDY TRIAL ACT FROM APRIL 19, 2021 |
| | ) | THROUGH AUGUST 7, 2023 AND [PROPOSED] |
| STEVEN CARRILLO and | ) | ORDER |
| ROBERT ALVIN JUSTUS, JR., | ) | |
| | ) | |
| Defendants. | ) | |

Counsel for the United States and counsel for the defendants, Steven Carrillo and Robert Alvin Justus, Jr., stipulate that time should be excluded under the Speedy Trial Act from April 19, 2021, through August 7, 2023.

At the status conference held on July 12, 2021, the parties agreed that time be excluded under the Speedy Trial Act so that defense counsel could continue to prepare, including by reviewing the discovery already produced and by preparing for issues relating to the death penalty. This case is also complex due to the nature of the prosecution, the volume and types of the discovery produced (*see, e.g.*,

STIPULATION TO EXCLUDE TIME AND [PROPOSED] ORDER
CASE NO. 20-CR-265 YGR

1  Dkt. 91 and 92 detailing discovery productions), and the presence of two defendants, and because the
2  COVID-19 pandemic has created challenges in many aspects of the judicial process, as reflected in,
3  among other things, the Court's General Orders 72-6 (abrogated), 73 (abrogated), 74, and 78.  For these
4  reasons, and as further stated on the record at the July 12, 2021 status conference, it is unreasonable to
5  expect adequate preparation for pretrial proceedings or for the trial itself within the time limits
6  established under the Speedy Trial Act.  For the same reasons, excluding time until the tentative August
7  7, 2023 trial date set by the Court in the event this is a capital case is reasonable to allow for adequate
8  preparation of counsel.  *See* 18 U.S.C. § 3161(h)(7)(B)(ii).  The parties further agree that the ends of
9  justice served by excluding the time until August 7, 2023, from computation under the Speedy Trial Act
10 outweigh the best interests of the public and the defendants in a speedy trial.  *See* 18 U.S.C.
11 § 3161(h)(7)(A).

12        As stated on the record at the July 12, 2021 status conference, the parties also stipulate and agree
13 that the time from April 19, 2021, through July 12, 2021, should be excluded under the Speedy Trial
14 Act.  At the July 12, 2021 status conference, counsel for the United States noted an ambiguity in the
15 minute entry from the April 19, 2021 status conference, which states that "[t]here is already an exclusion
16 of time until 8/19/2021 on the Docket."  Dkt. 83.  Counsel for the United States stated that the
17 significance of the 8/19/2021 date was not clear from the docket.  To clarify the record, the parties
18 stipulate that time should be excluded under the Speedy Trial Act from April 19, 2021, through July 12,
19 2021, for the same reasons described above.

20        The Court previously found that the case is complex and excluded time under the Speedy Trial
21 Act for periods of time between earlier status conferences.  *See* Dkt. 30 at 3 (finding on August 27,
22 2020, "that this case is complex, and that excluding time until October 28, 2020, is reasonable to allow
23 for adequate preparation of counsel"); Dkt. 55 at 2 ("Given the complexity of this case, the Court finds
24 that the time between [February 4, 2021] and April 19, 2021, should be excluded under Speedy Trial Act
25 calculations under 18 U.S.C. § 3161(h)(7)A) & (B)(iv).").  The parties agree that the case has been
26 complex since the parties so stipulated on August 27, 2020.  The parties also agree that the case will
27 remain complex through the August 7, 2023 tentative trial date.  The exclusions of time from August 27,
28 2020 through the July 12, 2021 status conference and through the August 7, 2023 tentative trial date are

therefore necessary and reasonable for the adequate preparation of counsel.

The undersigned Assistant United States Attorney certifies that counsel for the defendants have given their approval to file this stipulation and proposed order.

**IT IS SO STIPULATED.**

Dated: July 28, 2021

/s/
PATRICK O'BRIEN
Assistant United States Attorney

/s/
JAMES THOMSON
Counsel for Defendant STEVEN CARRILLO

/s/
SHAFFY MOEEL
RICHARD NOVAK
Counsel for Defendant ROBERT ALVIN JUSTUS, JR

**[PROPOSED] ORDER**

Based upon the facts set forth in the stipulation of the parties, the nature of this prosecution and the charges and allegations in the indictment, the volume and types of the discovery produced, the reasons set forth in this Court's General Orders 72-6 (abrogated), 73 (abrogated), 74, and 78, and the representations made to the Court on July 12, 2021 and at prior status conferences in this case, and for good cause shown, the Court finds that this case is complex, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established under the Speedy Trial Act, and that excluding time from April 19, 2021, through the tentative trial date of August 7, 2023, if this is a capital case, is reasonable to allow for adequate preparation of counsel. The Court further finds that the ends of justice served by excluding the time through August 7, 2023, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial. Therefore, and with the consent of the parties, IT IS ORDERED that the time from April 19, 2021, through August 7, 2023, is excluded from computation under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(ii).

IT IS SO ORDERED.

Dated:

HON. YVONNE GONZALEZ ROGERS
United States District Judge