STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7027
    jonathan.lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 20-CR-265 YGR |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER RE: DISCOVERY MATERIALS TO BE PRODUCED PURSUANT TO AN "ATTORNEYS EYES ONLY" ORDER |
| v. | |
| ROBERT ALVIN JUSTUS, JR., | |
| Defendant. | |

20-CR-265 YGR

1   Counsel for the parties have met and conferred regarding pretrial issues including discussions
2   concerning a possible resolution. The Government's deadline for disclosure of *Jencks* material is
3   October 17, 2022. The purpose of this stipulation is to permit the early production of specific materials
4   described in the attached order under an ATTORNEYS EYES ONLY designation as soon as the Court
5   approves the attached order. This would facilitate the early production of potential *Jencks* materials for
6   the defense's review.
7   IT IS HEREBY STIPULATED that the Court may execute the attached Attorneys' Eyes Only
8   Protective Order in this case.
9   IT IS SO STIPULATED.

Dated: September 12, 2022

STEPHANIE HINDS
United States Attorney

           /S/
JONATHAN LEE
Assistant United States Attorney


RICHARD G. NOVAK
SHAFFY MOEEL

           /S/
SHAFFY MOEEL
Attorneys for Robert Alvin Justus, Jr.

20-CR-265 YGR

## ATTORNEYS' EYES ONLY PROTECTIVE ORDER

This Attorneys' Eyes Only Protective Order addresses the production of discovery materials described below, which the Government will designate as "ATTORNEYS' EYES ONLY MATERIALS."

The ATTORNEYS' EYES ONLY MATERIALS within the scope of this order are the following: An audio-recorded statement dated September 27, 2021 and a 302 report of the statement.

1. Defendant Justus shall not be given access to the ATTORNEYS' EYES ONLY MATERIALS without further order of the Court.

2. Except when actively being examined for the purpose of the preparation of the defense of defendant, the ATTORNEYS' EYES ONLY MATERIALS shall be maintained in a locked, safe, and secure drawer, cabinet, room or safe or secure electronic device (e.g., computer, memory stick) which is accessible only to defense counsel and the individuals listed in the following paragraph (¶ 3).  Defense counsel and the individuals listed in the following paragraph (¶ 3) shall not permit any person access of any kind to the ATTORNEYS' EYES ONLY MATERIALS except as set forth below.

3. The following individuals may examine the ATTORNEYS' EYES ONLY MATERIALS for the sole purpose of preparing the defense of defendant and for no other purpose:

    a. counsel for defendant;

    b. members of defense counsels' law offices who are assisting with the preparation of defendant's defense; and

    c. paralegals, law clerks, discovery coordinators, investigators and/or experts retained by defendant or assigned by the Court to assist in the defense of this matter.  (The individuals in this subsection (c) may obtain copies of the ATTORNEYS' EYES ONLY MATERIALS so long as they secure them pursuant to the requirements of this Attorneys' Eyes Only Protective Order.)

If defense counsel determines that Defendant Justus and/or additional person(s) need to review the ATTORNEYS' EYES ONLY MATERIALS, counsel must obtain a further order of the Court before allowing Defendant Justus or any additional person(s) to review the materials.  Such a request to the Court will occur only after conferring with the Government.  In the event the parties agree to review of the ATTORNEYS' EYES ONLY MATERIALS by Defendant Justus and/or the additional person(s), it

20-CR-265 YGR

shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the Government so that it may assert its objection.

A copy of this Order shall be maintained with the ATTORNEYS' EYES ONLY MATERIALS at all times.

5. All individuals other than defense counsel who receive access to the ATTORNEYS' EYES ONLY MATERIALS, prior to receiving access to the materials, shall sign a copy of this Order acknowledging that:

    a. they have reviewed this Order;

    b. they understand its contents;

    c. they agree that they will access the ATTORNEYS' EYES ONLY MATERIALS only for the purposes of preparing a defense for defendant; and

    d. they understand that failure to abide by this Order may result in sanctions by this Court.

These signed copies shall be maintained by counsel and shall be made available upon request under seal to the Court.

6. No other person shall be allowed to examine the ATTORNEYS' EYES ONLY MATERIALS without further order of the Court, and the ATTORNEYS' EYES ONLY MATERIALS may not be reviewed by nor shown to Defendant Justus without further order of the Court. Examination of the ATTORNEYS' EYES ONLY MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

7. The ATTORNEYS' EYES ONLY MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter, including preparation of a transcript of the recording. Any duplicates will be treated as originals in accordance with this Order.

8. If the ATTORNEYS' EYES ONLY MATERIALS are attached to any pleadings or other court submissions, the ATTORNEYS' EYES ONLY MATERIALS and any pleadings or submissions referencing those materials shall be filed or lodged under seal.

9. At the conclusion of proceedings before this Court, defense counsel may retain one

20-CR-265 YGR

original set of ATTORNEYS' EYES ONLY MATERIALS and notated copies. In the event new counsel is appointed or retained for purposes of appeal or other post-conviction proceedings, defense counsel may provide the original materials to new counsel only if that subsequent counsel agrees in writing to be bound by the same terms provided by this Attorneys' Eyes Only Protective Order, and agrees in writing that this Court will have jurisdiction to review any alleged violation of the terms of this Attorneys' Eyes Only Protective Order by subsequent counsel. Defense counsel shall return to the United States or destroy duplicate copies of the ATTORNEYS' EYES ONLY MATERALS fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.

10. Counsel for the defendant, within fourteen calendar days of the conclusion of the above-captioned proceedings before the District Court, shall retrieve all copies made of all ATTORNEYS' EYES ONLY MATERALS provided to anyone pursuant to this Order. Counsel may retain one original set of those materials, including notated copies, as set forth above in paragraph 9, but shall destroy all other copies. By the same time, counsel for the defendant shall also file under seal an *ex parte* a log of any copies made and/or provided to individuals, which log shall identify by Bates stamp number and/or Bates CD/DVD number the document(s) copied and the person(s) provided to for each copy made. The United States shall have no access to this log without further order of the Court. By the same time, counsel for the defendant shall also file a sworn declaration that counsel has complied with the terms of this Order. If defense counsel believes that any of these materials must be released to substitute counsel or appellate counsel for the defendant, counsel must provide notice to the U.S. Attorney's Office and the District Court prior to releasing the materials.

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

Dated: _____

                                          YVONNE GONZALEZ ROGERS
                                          United States District Judge

20-CR-265 YGR