UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **ROBERT A. JUSTUS,** <br> Defendant. | Case No. 20-CR-265 YGR <br><br> **PRE-TRIAL ORDER NO. 1** |

Having considered the filings to date and the regularly scheduled pretrial conference on August 3, 2023, and for good cause shown, the Court enters the following orders:

**Trial Date and Schedule:** The trial of this matter is set for **Wednesday, September 6, 2023** in the United States District Court, Courtroom 10, 450 Golden Gate Avenue, in San Francisco, California. Trial days shall begin with the parties and attorneys at 8:00 a.m. Counsel shall arrive in court early enough to proceed promptly. Trial proceedings with the jury shall begin at 8:30 a.m. to 1:40 p.m. with two twenty minute breaks. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

**Standard Motions *in Limine*:** The Court hereby orders that witnesses shall be excluded until testimony is completed. A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). Parties are advised that overly broad motions which do not request specific relief will be summarily denied. A separate order will issue to

memorialize and address the topics discussed at the conference.

Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

**Procedural Stipulations**: Attached hereto as Exhibit A is an outline of procedural stipulations. To the extent agreed upon, the parties shall file said document **by August 15, 2023.** To the extent any objections exist, the Court will discuss the issue at the next conference.

**Witnesses:** Final lists of witnesses shall be lodged with the Court no later than 9:00 a.m. on **September 5, 2023**. The parties will be limited to calling the witnesses identified thereon unless good cause exists and only as authorized by the Court.

By no later than 9:00 a.m. on **August 4, 2023,** the parties shall submit to the Court in Word format, a revised list of all witnesses, parties, and counsel in alphabetical order to be used with the Survey Monkey. Said list shall not include court personnel and any particularly identifying organizations relative to this case.

**Exhibits and Exhibit Lists:** Final lists of exhibits as well as physical (or electronic, as appropriate) copies of exhibits shall be lodged with the Court no later than 9:00 a.m. on **September 5, 2023.** The parties will be limited to using the exhibits identified on their respective lists unless good cause exists and only as authorized by the Court.

No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. To the extent an exhibit is included for the mere purpose of refreshing recollection, the list shall so indicate such as by use of an "*" asterisk.

The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

If appropriate, the jury will be allowed to use a secured laptop computer to review evidence admitted during trial. Counsel should review the Court's information in this regard found at: http://cand.uscourts.gov/jurypc.

All proposed exhibits which constitute compilations and or summaries shall be provided to the opposing party by no later than **August 21, 2023** to allow sufficient time to verify the accuracy of the same.

**Defendant's Statements:** By no later than next Thursday, **August 10, 2023**, the government shall provide the defendant with a highlighted version of the actual statements from his transcripted interview with the FBI that they seek to admit at trial. By **August 21, 2023**, defendant shall provide the government with his counter-designations. The parties shall meet and confer by August 24, 2023. To the extent any disputes remain, by **August 25, 2023**, the parties shall file the transcript highlighted to demonstrate both the agreements and disputes. They shall also lodge a proposed form of order in chart form identifying each individual dispute with a column for the Court to indicate whether the request is granted or denied.

**Defendant's Motions to Seal**: By no later than **August 15, 2023**, the defense shall review the requests to seal and narrow appropriately. Defendant shall file a notice with a revised form of order for all outstanding requests.

**Additional Disclosures**: The Court confirms that the government has represented that all materials have been provided to comply with *Henthorn,* non-*Jencks Brady,* the *Jencks* Act, and all defense reciprocal disclosures. The Court acknowledges that the government has represented that it has produced all known and available exculpatory or other evidence favorable to the defendant and that it will continue to produce any additional materials if it becomes available.

**Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Edwin Cuenco, at (510) 637-3540, as to appropriate time for doing so. Defense counsel may reserve a conference room in the attorneys lounge for the period of the trial. However, they are only available on a first-come, first-serve basis. Further, defense counsel must provide the Court with a form of order for (i) any equipment or supplies requested to be brought into the courthouse and (ii) any in-custody defendant to be dressed in civilian clothing.

**Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no

3

later than the close of business on the Tuesday before trial.  Any objections not resolved must be filed in writing by 8:00 p.m. on **Wednesday, September 6, 2023**.  The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

**Witnesses at Trial:**  The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. For purposes of Monday trial days, the deadline is noon on the prior Saturday.

The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify once a prior witness steps down.  Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

**Jurors and Peremptory Challenges:**  The Court will seat a total of twelve (12) jurors and four (4) alternates.  Pursuant to Rule 24 Criminal Rules of Civil Procedure, because the offense charged is punishable by imprisonment for more than one year, the government is allocated six (6) peremptory challenges and the defendant is allocated ten (10) peremptory challenges. Accordingly, peremptory challenges shall be exercised in the following sequence:

- Prosecution First
- *Defense First and Second*
- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth*
- Prosecution Sixth
- *Defense Tenth*

In addition, each party shall be allocated two (2) additional peremptory challenges for the four alternate jurors empaneled.  The additional peremptory challenges may be used against an alternate juror only.  The initial set of peremptory challenges may not be used for the alternate

4

jurors. *Batson* motions must be made in a timely fashion, that is, before the juror in question is excused. Argument on the same shall be made outside the presence of the jury panel.

Given current COVID-19 protocols, all potential jurors are sent a Survey Monkey questionnaire to obtain basic information before jury selection. The answers to those questions shall be provided to counsel in advance of jury selection. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)." Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror. Counsel shall be provided thirty (30) minutes to conduct additional *voir dire* beyond that of the survey and the Court's follow up for the first panel questioned. Additional time will be allowed thereafter at the discretion of the Court.

Jurors are shown two videos prior to arrival in the courtroom: one on the process generally and the other on unconscious bias. These are available for the parties' review on the Court's website: https://cand.uscourts.gov/jury/.

**Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

**Requests for Transcripts:** The parties request daily transcripts and will share the cost thereof. The Court authorizes CJA funds on behalf of the defense.

**Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a

1 professional and courteous manner during trial.  Do NOT approach other parties' witnesses
2 without permission.  You may approach your own non-hostile witnesses without permission.

3 During voir dire you will be allowed to use the bathrooms in the jury room so that you do not
4 share the facilities with the jurors.  You may not linger in the jury room or use any exit door other
5 than the one leading to the courtroom.

6 **Trial Exhibit Certification:** Upon conclusion of the trial, the parties shall review the
7 exhibits and confirm the accuracy of those going into the jury room.  The parties shall complete,
8 deliver, and file the certification in the form included herewith at Attachment B.  The parties shall
9 also deliver to the courtroom deputy, an index with short descriptions of all exhibits admitted into
10 evidence.

11 **Spanish Interpreter:**  The defense advises that a Spanish interpreter may be required for
12 one witness. The defense shall advise the Court as soon as reasonably possible so there is no delay
13 in the trial proceedings on account of securing an authorized interpreter.

14 **Further Pretrial Conference:**  The Court shall hold a further pre-trial conference on
15 **August 23, 2023 at 9:00 a.m.** to the extent necessary.  The parties shall file a joint statement no
16 later than 24 hours in advance with the topics to be discussed. If there are no outstanding issues,
17 the parties may *jointly* request that it be vacated.

18 **IT IS SO ORDERED.**

19 Dated: August 4, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE